IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01878-MSK-KLM

SRS CALIFORNIA OPERATIONS, LLC., d/b/a NOBLE LOGISTIC SERVICES,

   Plaintiff,

v.

JOANN Z. KAZEL d/b/a JSC LOGISTICS, and
NATIONAL INDEMNITY COMPANY,

   Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Twin City's Motion for Leave to Intervene and Substitute as Plaintiff** [Docket No. 47; December 1, 2009] (the "Motion to Intervene") and **National Indemnity Company's Motion to Assert a Third-Party Claim Against SRS California Operations. LLC d/b/a Noble Logistic Services** [Docket No. 48; Filed December 1, 2009] (the "Third Party Claim Motion"). The Motion to Intervene has been filed by Twin City Insurance Company ("Twin City"), a non-party.[1]  The Court has reviewed the Motion to Intervene, Defendant National Indemnity Company ("NICO")'s response to the Motion to Intervene [Docket No. 50],[2] NICO's Third Party Claim Motion, the appropriate

---

[1] As an initial matter, the Court notes that Twin City submitted its motion in a single-spaced format, in violation of D.COLO.LCivR 10.1E.  Any future motions that violate the Local Rules will be summarily denied.

[2] On January 23, 2009, the Clerk of the Court entered default against Defendant Joann Z. Kazel d/b/a JSC Logistics. [Docket No. 31].

1

legal authority, and the case file, and has been fully advised in the premises. For the reasons stated below, the Motion to Intervene is **GRANTED in part** and **DENIED in part**.[3] The Third Party Claim Motion is also **GRANTED**.

## I. Background

This case arises from a motor vehicle accident that occurred on February 16, 2006 in Routt County, Colorado. *Amended Complaint* [#10] at ¶ 6. The Amended Complaint alleges that Plaintiff ("Noble") is a company conducting business in Colorado. *Id.* at ¶ 1. Defendant Joann Kazel owns JSC Logistics ("JSC"), a delivery and transportation company. *Id.* at ¶ 8. Noble alleges that it entered into an independent contractor agreement with JSC for the delivery of automotive parts. *Id.* at ¶ 7.

According to Noble, the truck that caused the accident was driven by an employee of JSC on a trip to deliver automotive parts. *Id.* at 10-11. The driver of the other vehicle died as a result of the accident and the surviving family members filed a wrongful death suit against Noble. *Id.* at ¶ 12. Noble alleges that the agreement with JSC provided that JSC would indemnify Noble from all liabilities and litigation arising from an act or omission of JSC's employees. *Id.* at ¶ 13. According to Plaintiff, JSC refused to defend or indemnify Noble for the claims made in the wrongful death suit. *Id.* at ¶ 15.

On February 27, 2008, Noble entered into a settlement agreement with the plaintiffs

---

[3] An order granting a motion to intervene is a non-dispositive motion that may be determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Day v. Sibelius*, 227 F.R.D. 668, 671(D. Kan. 2005); *see also Public Service Co. of Colorado v. Bd. of County Commissioners of San Miguel County*, No. 04-cv-01828-REB-CBS, 20005 WL 2293650, at *3 (D. Colo. Sept. 19, 2005) (motion to intervene is a non-dispositive motion).

in the wrongful death action. *Id.* at ¶ 16. Noble alleges that at the time of the accident, JSC was insured by NICO. *Id.* at ¶ 18. Noble alleges that at the time of the accident, Noble was an additional insured under the NICO policy issued to JSC when Noble was held liable or paid a settlement for the conduct of JSC employees. *Id.* at ¶ 19. Noble claims that NICO has failed to provide insurance coverage for the wrongful death suit. *Id.* at ¶ 21.

## II. Analysis

### A. Intervention and Substitution

Twin City moves to intervene and substitute as Plaintiff.[4] Fed. R. Civ. P. 24(a) provides that a court must permit a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical manner impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party seeking to intervene as a matter of right must show that it has an interest in the proceedings which is "'direct, substantial, and legally protectable.'" *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Alameda Water & Sanitation Dist. v. Browner*, 93 F.3d 88, 90 (10th Cir. 1993)). Rule 24(a) allows intervention as of right if (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interest may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co., Inc.,* No. 08-6267, 2009 WL 3739424, at *3 (10th Cir.

---

[4] Defendant NICO does not object to the motion for intervention, but opposes Twin City's request to be substituted as the plaintiff in this action.

2009). The Tenth Circuit "has tended to follow a somewhat liberal line in allowing intervention." *Utahns v. Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) (citation omitted).

The timeliness of Twin City's motion to intervene is not disputed. Therefore, I next consider whether Twin City has an "interest" in the case. The interest test under Rule 24(a) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Utah Assn. of Counties v. Clinton*, 255 F.3d 1246, 1251-52 (10th Cir. 2001).

This case is a subrogation action brought by Noble, the insured. Twin City asserts that Noble was insured by the company and that Twin City paid the settlement amount in the wrongful death action on behalf of its insured, Noble, to NICO. Twin City claims that it has an interest in this action because it is entitled to recoup the settlement amount from NICO. An insurance company that is subrogated to the rights of a party has a sufficient interest in the subject matter of the litigation to be granted intervention as of right. *Sun Const. Co., Inc. v. Torix General Contractors, LLC*, No. 07-cv-01355-LTB, 2007 WL 4178505, at *2 (D. Colo. Nov. 26, 2007)(unpublished decision) (citing *Kelley v. Summers*, 210 F.2d 665, 673 (10th Cir. 1954). Twin City has met the interest test.

According to Twin City, since the filing of this case Noble's assets were purchased by another company. Noble is no longer a viable entity and can no longer pursue the claims in this litigation. *Motion* [#47] at 2.[5] Because of these developments, Twin City's

---

[5] For the purposes of the Motion to Intervene, the Court accepts the representations of Twin City's counsel on this matter because she is also counsel for Noble and is in a position to

interest may be impeded and impaired due to the fact that it will not be able to recoup the amount of the settlement. For these reasons, I conclude that Twin City may intervene as of right pursuant to Fed. R. Civ. P. 24(a).

Twin City also moves to be substituted as the Plaintiff because of Noble's present corporate status. Twin City has cited no statutory basis or case law to support its request. Thus, I will consider the motion to be one under Fed. R. Civ. P. 25(c), which governs the substitution of parties in the situation presented by this case. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." A "transfer of interest" in a corporate context "occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993); *see also DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966) (substitution of parties proper in order to reflect merger); *Kanaji v. Philadelphia Child Guidance Ctr. of Children's Hospital*, No. CIV. A. 00937, 2001 WL 708898, at *1 (E.D. Pa. June 20, 2001) (substitution of corporate defendants to reflect post-complaint merger is appropriate). Whether a substitution of a party should be permitted under Rule 25(c) is a matter for the exercise of the Court's discretion. *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 322 Fed. Appx. 630, 632 (10th Cir. 2009); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978).

---

know Noble's corporate status.

As noted above, Twin City alleges that Noble's assets have been purchased by another company and that Noble is no longer a viable corporate entity. However, Twin City does not assert that it was the purchaser of Noble's assets. In fact, Twin City does not name the corporation who purchased the assets. Because Twin City has failed to show that it is a successor to Noble or a transferee of interest, it has no right under Rule 25(c) to be substituted as Plaintiff in this action. *See* 7C Wright, Miller & Kane, Federal Practice and Procedure § 1958 (3d ed.). Accordingly, Twin City's motion to substitute is **DENIED**.

B. Third Party Claim

Defendant NICO moves to assert a "third party claim" against Noble. Because Noble remains a Plaintiff in this action, the Court construes Defendant NICO's request to be directed to assertion of a counterclaim. *See Mortgages, Inc. v. U.S. Dist. Ct. for Dist. of Nevada*, 934 F.2d 209, 211 n. 2 (9th Cir. 1991) (court properly construed third party complaint as counterclaim because third party claims can only be brought against a non-party); *see also* Fed. R. Civ. P. 8(e) ("[p]leadings must be construed so as to do justice").

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

NICO's Motion was filed before the expiration of the deadline for the amendment of pleadings set forth in the Scheduling Order [#43]. There is no basis for denying leave to amend.  Plaintiff has not filed a response objecting to the relief requested by Defendant NICO.  Therefore, the motion to assert a counterclaim is **GRANTED**.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Twin City's Motion for Leave to Intervene and Substitute as Plaintiff [#47] is **GRANTED in part** and **DENIED in part**.  Twin City is **GRANTED** Leave to Intervene.  Twin City's request to substitute as Plaintiff is **DENIED**.

IT IS HEREBY FURTHER **ORDERED** that Twin City shall file its complaint in intervention within 10 days of this Order.

IT IS FURTHER **ORDERED** that NICO's Motion to Assert a Third Party Claim Against SRS California Operations, LLC d/b/a Noble Logistic Services [#48] is **GRANTED**.

IT IS FURTHER **ORDERED** that NICO shall file its Amended Answer and Counterclaim within 10 days after service of the complaint in intervention upon NICO.

Dated:  January 13, 2010

                                          ___/s/ Kristen L. Mix_____
                                          Kristen L. Mix
                                          United States Magistrate Judge